1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YUQING LIU,

             Plaintiff,

     v.

MICHAEL B. MUKASEY, *et al*.,

             Defendants.

CASE NO. C08-180RSM

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on "Federal Defendants' Motion and Memorandum in Support of Motion for Summary Judgment."  (Dkt. #4).  Defendants argue that Plaintiff's complaint for mandamus is moot because the United States Citizenship and Immigration Services ("USCIS") has already ruled on the Plaintiff's underlying petition.  Plaintiff responds that the petition denied by USCIS was not the same petition that is the subject matter of this lawsuit.

For the reasons set forth below, the Court agrees with Defendants, and GRANTS Defendants' motion for summary judgment.

## II.  DISCUSSION

### A.  Background

On July 1, 2000, Plaintiff Yuqing Liu was admitted into the United States as a conditional resident.  (Dkt. #7, Decl. of Lam, Ex. 2).  Plaintiff's admission was based on an

ORDER
PAGE - 1

1   approved Form I-130 Petition for Alien Relative, which was filed on Plaintiff's behalf by

2   Barbara H. Duncan ("Ms. Duncan"), a United States Citizen who married Plaintiff's father,

3   Xuesong Liu.  (*Id.*).  Ms. Duncan and Plaintiff's father subsequently divorced, and as a result,

4   Plaintiff filed a Form I-751 Petition to Remove Conditions of Residence ("I-751 petition") on

5   June 5, 2006.  (*Id.*, Ex. 1); (Dkt. #1, Pl.'s Compl., Ex. A).  Plaintiff indicated to USCIS that his

6   I-751 petition was "based upon a *request for waiver* on the ground that [he] was a child who

7   entered as a conditional permanent resident and is unable to be included in a joint petition to

8   remove the conditional basis of his permanent residence."  (Decl. of Lam, Ex. 1) (emphasis in

9   original).  In addition, Plaintiff contended that although his father and Ms. Duncan divorced,

10   "the marriage was entered into in good faith, thus rendering [Plaintiff] eligible to request for a

11   waiver and seek removal of the conditional basis of his permanent residence."  (*Id.*).

12        USCIS subsequently conducted a hearing on Plaintiff's I-751 petition on February 8,

13   2007.  (Pl.'s Compl., Ex. B); (Dkt. #6 at 2).  Approximately one year later, and believing a

14   decision was never made on his I-751 petition, Plaintiff brought a complaint for mandamus in

15   this Court to compel Defendants to adjudicate his petition.  However, once Plaintiff's complaint

16   was filed, Defendants discovered that USCIS denied Plaintiff's petition on February 15, 2007,

17   one week after Plaintiff's hearing.  (Dkt. #5, Decl. of Malkin, ¶ 3).  Plaintiff never received

18   notice because USCIS delivered the denial letter to the wrong address.  (*Id.*).  Defendants

19   subsequently notified Plaintiff's counsel of this mistake, delivered the denial letter to Plaintiff's

20   counsel, and requested that Plaintiff's counsel agree to dismiss the action as moot.  (*Id.*, ¶ 4).

21   Plaintiff's counsel declined to do so.  (*Id.*).  Defendants now bring the instant motion for

22   summary judgment.

23        **B. Standard of Review**

24        Summary judgment is proper where "the pleadings, depositions, answers to

25   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

26   genuine issue as to any material fact and that the moving party is entitled to judgment as a

27   matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

28   (1986).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

1  *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*

2  512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a

3  genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or

4  the bald assertion that a genuine issue of material fact exists, no longer precludes the use of

5  summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics,*

6  *Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

7  　　　　Genuine factual issues are those for which the evidence is such that "a reasonable jury

8  could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts

9  are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on

10  summary judgment, a court does not weigh evidence to determine the truth of the matter, but

11  "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d

12  547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).  Furthermore,

13  conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat

14  summary judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345

15  (9th Cir. 1995).

16  　　**C.  Plaintiff's I-751 Petition**

17  　　　　Notwithstanding USCIS's denial of Plaintiff's I-751 petition, Plaintiff maintains that

18  Defendants' motion for summary judgment should be denied because USCIS made its decision

19  based on the wrong petition. (Dkt. #6 at 5).  Specifically, Plaintiff contends that USCIS's

20  decision was erroneously based on the assumption that Plaintiff filed an I-751 joint petition,

21  rather than a waiver petition.  (*Id.* at 3).  Plaintiff contends that this distinction is critical,

22  because the reasons submitted by USCIS in denying Plaintiff's petition are irrelevant in the

23  context of an I-751 waiver petition.  (*Id.* at 4).  Plaintiff argues that in this type of petition, a

24  conditional resident "only needs to demonstrate that the qualifying marriage was entered into in

25  good faith and that the couple intended to or did establish a life together."  (*Id.*).

26  　　　　However, Plaintiff's arguments fail for two reasons.  First, irrespective of USCIS's

27  rationale in denying the petition at issue, Plaintiff cannot avoid the unequivocal fact that a

28  decision was made, thereby rendering his complaint of mandamus moot.  The Mandamus Act

ORDER

PAGE - 3

1    provides that "district courts shall have original jurisdiction of any action in the nature of

2    mandamus to compel an officer or employee of the United States or any agency thereof to

3    perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Here, Plaintiff brought the underlying

4    complaint for mandamus pursuant to this statute. And as Defendants indicate, Plaintiff has filed

5    only one I-751 petition, and USCIS has very clearly denied that petition. Indeed, the title of

6    USCIS's letter to Plaintiff speaks for itself: "Denial of Petition to Remove Conditions on

7    Residence (Form I-751) and Termination of Conditional Permanent Resident Status." (Decl. of

8    Lam, Ex. 2). Whether USCIS incorrectly denied this petition as Plaintiff argues is simply

9    outside the scope of Plaintiff's complaint for mandamus filed in this Court. Therefore there is

10   no relief that this Court can grant to Plaintiff, because there is no other petition that Plaintiff can

11   point to that needs to be adjudicated.

12        Second, Plaintiff has failed to show that he has exhausted all available remedies, a

13   fundamental prerequisite to any complaint for mandamus. It is well-established that

14   "[m]andamus is an extraordinary remedy and is available to compel a federal official to perform

15   a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is

16   nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) *no

17   other adequate remedy is available*." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)

18   (emphasis added); *see also Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013 (1984) ("The

19   common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a

20   remedy for a plaintiff *only if he has exhausted all other avenues of relief*[.]") (emphasis added).

21   Moreover, when USCIS denies an I-751 joint petition, "[n]o appeal shall lie from the decision

22   of the director; however, *the alien may seek review of the decision in removal proceedings*. In

23   such proceedings the burden of proof shall be on the Service to establish, by a preponderance of

24   the evidence, that the facts and information set forth by the petitioners are not true or that the

25   petition was properly denied." 8 C.F.R § 216.4(d)(2) (emphasis added). Likewise, when

26   USCIS denies an I-751 waiver petition, "[n]o appeal shall lie from the decision of the director;

27   however, *the alien may seek review of such decision in removal proceedings*." 8 C.F.R.

28   §216.5(f) (emphasis added). Therefore, in either circumstance, an alien has recourse in front of

1   an Immigration Judge at a removal proceeding.

2           In the instant case, it is clear that Plaintiff has not exhausted all avenues of relief.

3   Plaintiff was placed in removal proceedings on February 28, 2005.  (Pl.'s Compl., ¶ 11).  In

4   addition, Plaintiff indicates that he has a pending hearing date before an Immigration Judge at

5   the Seattle Immigration Court.  (Dkt. #6 at 2).  It is in these removal proceedings where

6   Plaintiff can challenge USCIS's rationale and reasons for the denial of his I-751 petition.  As a

7   result, Plaintiff ultimately cannot establish that he is entitled to the extraordinary remedy of

8   mandamus relief.

9                                   **III.  CONCLUSION**

10          Having reviewed Defendants' motion, Plaintiff's response, Defendants' reply, the

11  declarations and exhibits attached thereto, and the remainder of the record, the Court hereby

12  finds and orders:

13          (1)  "Federal Defendants' Motion and Memorandum in Support of Motion for Summary

14  Judgment" (Dkt. #4) is GRANTED.  Plaintiff's complaint for mandamus is DISMISSED

15  without prejudice.

16          (2)  The Clerk is directed to forward a copy of this Order to all counsel of record.

17

18          DATED this 11th day of April, 2008.

19

20                                          RICARDO S. MARTINEZ
                                            UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

ORDER
PAGE - 5